

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 07 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WESLEY YOAKUM and BRANDON
GIBBONS, Each Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFFS**

vs.                                    Case No. 4:20-cv-23-KGB

**ABB MOTORS AND MECHANICAL, INC.**                                    **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Wesley Yoakum and Brandon Gibbons, each individually and on behalf of all others similarly situated, by and through their attorney, Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant ABB Motors and Mechanical, Inc. ("Defendant"), they do hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1.      Plaintiffs, each individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. For the convenience of the parties, they have consented to the filing of this case in the Eastern District of Arkansas.

## II.
## THE PARTIES

7. Plaintiff Wesley Yoakum ("Yoakum") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

8. Plaintiff Brandon Gibbons ("Gibbons") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. At all times relevant to the allegations in this Complaint, Plaintiffs were hourly-paid employees at Defendant's manufacturing plant in Clarksville.

10. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11. At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

12. Defendant ABB Motors and Mechanical, Inc. ("ABB"), is a foreign for-profit corporation.

13. ABB's registered agent for service of process is Arkansas is C T Corporation System, located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

14. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant is a manufacturer of industrial electric motors, drives and mechanical power transmission products that operates manufacturing plants throughout the United States.

16. Defendant employs more than one hundred (100) hourly-paid employees at its Clarksville Plant.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are

separately stated) for each of the three years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

20. Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## III.
## FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Defendant's Clarksville Plant generally operates twenty-four hours per day.

23. Defendant schedules hourly-paid production employees, including Plaintiffs, to work eight-hour shifts.

24. Defendant required Plaintiffs and similarly situated employees to arrive for work fifteen to twenty minutes prior to their scheduled shifts to receive information and instructions and prepare their workstations for their shift.

25. Defendant required Plaintiffs and similarly situated employees to remain at work fifteen to twenty minutes after their scheduled shifts end to clean up their workstation and share information with the workers on the next shift.

26. Because of their pre- and post-shift duties, hourly workers, including Plaintiffs, are at the Clarksville Plant for Defendant's benefit for eight and a half to nine hours per shift.

27. Upon information and belief, Defendant maintain time clock records that reflect the actual time that hourly workers, including Plaintiffs, are at the Clarksville Plant.

28. During the period relevant to this lawsuit, it was Defendant's policy that if Plaintiffs or other similarly situated employees clocked in early within a 15-minute window, or clocked out late within a 15-minute window, their starting and stopping times were rounded against them to their scheduled starting and stopping times.

29. Defendant scheduled Plaintiffs and other similarly situated employees to work five and sometimes six days per workweek at the Clarksville Plant.

30. As a result of Defendant's improper rounding practice, Plaintiffs and other similarly situated employees were not compensated for all the time they worked, including all of the overtime hours they worked over 40 in a workweek.

## IV.
## REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA 216(b) Collective

33. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. Plaintiffs bring their FLSA claims on behalf of all hourly workers who were or will be employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt

from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

A. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorney's fees.

36. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner;

D. They were subject to Defendant's common policy of requiring them to perform duties before and after their scheduled shifts; and

E. They were subject to Defendant's common policy of denying overtime pay for all hours worked over forty (40) per work week.

39. Plaintiffs are unable to state the exact number of the potential members of the hourly FLSA collective but believe that the class exceeds one hundred (100) persons.

40. Defendant can readily identify the members of the Section 16(b) classes. The names and physical mailing addresses of the FLSA collective action class are available from Defendant, and a Court-approved Notice should be provided to the class via first class mail and email to their last known physical and email addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.    AMWA Rule 23 Class

41. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiffs propose to represent the class of hourly workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed Hourly AMWA Class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to

other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA Class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

47. Concentrating the litigation in this forum is highly desirable because the parties have consulted and agreed that the Eastern District of Arkansas is the best forum for all parties.

48. No difficulties are likely to be encountered in the management of this class action.

49. The claims of Plaintiffs are typical of the claims of the proposed classes in that Plaintiffs worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

50. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

51. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

52. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.
## FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty

(40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.  Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

59.  Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each week.

60.  Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

61.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.
## SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

62.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63.  Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

64. At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

65. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

66. Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and the AMWA.

67. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

68. Defendant willfully failed to pay overtime wages to Plaintiffs and the members of the proposed class.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.
## THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

70. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

73. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

74. Defendant classified Plaintiffs and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

75. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

76. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.
## FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of the AMWA)

78. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

80. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

81. Defendant classified Plaintiffs and the members of the proposed class as non-exempt from the overtime requirements of the FLSA and the AMWA.

82. Despite the entitlement of PlaintiffS and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs and the members of the proposed class an

overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

83. Defendant willfully failed to pay overtime wages to Plaintiffs and the members of the proposed class.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Wesley Yoakum and Brandon Gibbons, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order entering judgment in favor of Plaintiffs and the proposed collective members against Defendants for their actual economic damages under the FLSA, the AMWA, and their related regulations;

D. For liquidated damages as provided for under the FLSA, the AMWA, and their related regulations;

Page 14 of 15
Wesley Yoakum, et al. v. ABB Motors and Mechanical, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____
Original Complaint—Class and Collective Action

  E. For a reasonable attorney's fee, costs, and pre-judgment interest;

and

  F. For such other relief as this Court deems necessary and proper.

Respectfully submitted,

**WESLEY YOAKUM and
BRANDON GIBBONS, Each
Individually and on Behalf
of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WESLEY YOAKUM and BRANDON**     **PLAINTIFFS**
**GIBBONS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-_____

**ABB MOTORS AND MECHANICAL, INC.**     **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for ABB Motors and Mechanical, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**WESLEY YOAKUM**

January 7, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WESLEY YOAKUM and BRANDON**  **PLAINTIFFS**
**GIBBONS, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:20-cv-_____

**ABB MOTORS AND MECHANICAL, INC.**                        **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for ABB Motors and Mechanical, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**BRANDON GIBBONS**

January 7, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**